## LOSEY v. LOSEY.
No. 67-2300.

Circuit Court, Dade County.

July 14, 1967.

Starr W. Horton, Miami, for plaintiff.

Herbert W. Virgin, Miami, for defendant.

JAMES LAWRENCE KING, Circuit Judge.

This cause came on for trial May 31, July 10 and July 11, 1967, with the testimony of the parties and their witnesses having been heard in support of the complaint for divorce, answer and counterclaim for divorce, and reply thereto. The facts were

relatively simple and undisputed. It appeared that the plaintiff, a man now 80 years of age, met the defendant, a woman now 53 years old, on July 21, 1966, in a Howard Johnson restaurant. The plaintiff then met with the defendant approximately five days later, and within several days thereof, proposed marriage. Thereafter, the defendant enjoyed a brief respite for a week at a local health spa at the plaintiff's expense before accepting his proposal. On August 18, 1966, the parties were married, but did not live together until early in September, 1966, when they took up residence in the Dupont Plaza Apartments, in Miami, where they resided until the separation at the instance of the plaintiff on February 6, 1967. Their five month period of cohabitation was uninterrupted, except for several brief disputes, in which the plaintiff complained of his wife calling him names that reflected upon his ancestry, which she corroborated by admission. The separation of the plaintiff from the defendant was apparently without cause.

Prior to the marriage, the plaintiff made substantial gifts to the defendant in the form of cash disbursements, to satisfy a lien upon her 1965 Renault automobile in the approximate sum of $928, a loan that she had incurred with GAC Finance Corporation in the sum of $389, as well as $234 advanced by him for her to stay at the health spa as heretofore mentioned. After the marriage, the plaintiff bestowed upon the defendant a $6,500 diamond ring, clothes, furniture in the sum of approximately $1,100, advanced $1,196 on account of her purchase of a 1966 Renault automobile — and was the major contributor to her support and maintenance.

Each of the parties hereto was previously married, and those marriages were terminated by the deaths of their spouses. The defendant wife was employed prior to the demise of her first husband, and remained continuously employed during the course of her courtship and marriage to the plaintiff and the subsequent separation, having received an increase in her income immediately prior to the separation, with gross monthly earnings of $350. Her present position is that of building manager for a corporation doing business in Miami, and she previously held a real estate saleswoman's license. There were no children born of this marriage, and the defendant wife at the time of the trial appeared to be in good health and able-bodied.

An exhibit submitted in support of the plaintiff's cause reveals that the parties executed as lessees a lease under date of August 13, 1966, with Dupont Plaza Center, Inc., as lessor, for a period

of 24 months commencing September 1, 1966, at a monthly rental of $257.50, the first month of which was paid in advance. Under the terms of the lease, the lessees deposited a security deposit of $257.50 as security for the performance by the lessees of all the terms, conditions and agreements contained in the lease, to be applied in the event of a breach of the lease on account of any damages suffered by the lessor. It was specifically recited in the lease agreement that the security deposit was not to be construed as rent. Presently there appears to be unpaid rent for the months of April, May, June and July, 1967.

After each of the parties had rested, counsel for the defendant moved ore tenus to amend his pleadings with respect to alimony and attorney's fees, in order that they might conform to the evidence. This motion was granted. However, there was no evidence adduced in support of the claim for attorney's fees.

The court finds that it has jurisdiction of the subject matter and the parties hereto, and that the defendant in her counterclaim for divorce has sustained the allegations of her counterclaim, with respect to proving the grounds for divorce. The defendant and counterclaimant has failed to sustain the burden of proving her right to alimony.

It is, upon consideration, ordered and adjudged as follows —

(1) The defendant and counterclaimant, Bernice Losey, be and she is hereby awarded a divorce, a vinculo matrimonii, of and from the plaintiff and counterdefendant, Howard Losey, and the bonds of matrimony heretofore and now existing between the parties be and the same are hereby severed, absolutely and forever.

(2) The claim of the defendant and counterclaimant, Bernice Losey, for allowance of alimony be and the same is hereby denied.

(3) The plaintiff and counterdefendant, Howard Losey, be and he is hereby directed to remit to Dupont Plaza Center, Inc., for and on account of the lease agreement hereinabove described, the monthly rental that became due for the months of April, May, June and July, 1967.

(4) The court, reserves jurisdiction for the assessment of costs hereafter, and for such other matters as may be properly presented for consideration.